J-S05004-23
J-S05005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: R.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1111 WDA 2022 |

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-DP-0000088-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: D.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1113 WDA 2022 |

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-DP-0000142-2020

| | | |
|---|---|---|
| IN THE INTEREST OF: D.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1115 WDA 2022 |

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-DP-0000070-2016

| | | |
|---|---|---|
| IN THE INTEREST OF: J.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S05004-23
J-S05005-23

APPEAL OF: T.S., MOTHER                           :
                                                  :
                                                  :
                                                  :
                                                  :
                                                  :
                                                  :
                                                  :  No. 1118 WDA 2022

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-DP-0000143-2020

IN THE INTEREST OF: Z.S., A          :   IN THE SUPERIOR COURT OF
MINOR                                :        PENNSYLVANIA
                                     :
                                     :
APPEAL OF: T.S., MOTHER              :
                                     :
                                     :
                                     :
                                     :
                                     :  No. 1120 WDA 2022

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-DP-0000069-2016


IN THE INTEREST OF: R.S., A          :   IN THE SUPERIOR COURT OF
MINOR                                :        PENNSYLVANIA
                                     :
                                     :
APPEAL OF: C.S., FATHER              :
                                     :
                                     :
                                     :
                                     :
                                     :  No. 1112 WDA 2022

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-DP-0000088-2022

IN THE INTEREST OF: D.S, A MINOR     :   IN THE SUPERIOR COURT OF
                                     :        PENNSYLVANIA
                                     :
APPEAL OF: C.S., FATHER              :
                                     :

- 2 -

J-S05004-23
J-S05005-23

|   |   |
|---|---|
| : | |
| : | |
| : | |
| : | |
| : | No. 1114 WDA 2022 |

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-DP-0000142-2020

|   |   |
|---|---|
| IN THE INTEREST OF: D.S., A MINOR : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| : | |
| : | |
| APPEAL OF: C.S., FATHER : | |
| : | |
| : | |
| : | |
| : | No. 1116 WDA 2022 |

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-DP-0000070-2016

|   |   |
|---|---|
| IN THE INTEREST OF: J.S., A MINOR : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| : | |
| APPEAL OF: C.S., FATHER : | |
| : | |
| : | |
| : | |
| : | |
| : | No. 1117 WDA 2022 |

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-DP-0000143-2020

|   |   |
|---|---|
| IN THE INTEREST OF: Z.S., A MINOR : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| : | |
| : | |
| APPEAL OF: C.S., FATHER : | |
| : | |
| : | |
| : | |
| : | No. 1119 WDA 2022 |

- 3 -

J-S05004-23
J-S05005-23

Appeal from the Dispositional Order Entered September 7, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-DP-0000069-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 3, 2023**

T.S. ("Mother") and C.S. ("Father") appeal from the dispositional orders, dated August 26, 2022, and entered on September 7, 2022, in which R.S (born in January of 2022), J.S. (born in November of 2019), D.S. or DZ.S. (born in February of 2018), D.S. (born in October of 2014), and Z.S. (born in October of 2013) (collectively "Children") were adjudicated dependent together with a finding of aggravated circumstances and were to remain in their current placement.[1]  These orders were the result of the dependency actions brought by the Westmoreland County Children's Bureau ("WCCB" or "Agency").  After review, we affirm.

Mother's brief contains the following list of issues:

> I.     Whether the trial court erred as a matter of law and abused its discretion in finding clear and convincing evidence existed to support [that] the children were without proper care or control, subsistence, education as required by law, or other control necessary for the child's physical, mental or emotional health, or morals?

---

[1] This Court by order dated October 27, 2022, consolidated Father's five appeals identified at Nos. 1112 WDA 2022, 1114 WDA 2022, 1116 WDA 2022, 1117 WDA 2022 and 1119 WDA 2022.  This Court by order dated November 9, 2022, consolidated Mother's five appeals identified at 1111 WDA 2022, 1113 WDA 2022, 1115 WDA 2022, 1118 WDA 2022 and 1120 WDA 2022. Additionally, this Court now consolidates both Father's and Mother's appeals in that these appeals involve related parties and issues.  *See* Pa.R.A.P. 513.

- 4 -

II.     Whether the trial court abused its discretion in admitting evidence of Mother's prior bad acts to allow the Agency to show that Mother acted in accordance with the character or trait?

III.    Whether the [t]rial [c]ourt erred in finding the Agency made reasonable efforts to prevent the removal of the children from their home?

Mother's brief at 4.

Father's brief contains the following list of issues:

1. Did the [t]rial [c]ourt commit an error of law or abuse[] its discretion in finding that the five (5) children were without proper care or control, subsistence, education as required by law, or other care or control necessary for the children's physical, mental or emotional health, or morals; and did the [t]rial [c]ourt commit an error of law in finding children, D.S. (No. 1114 WDA 2022), J.S. and R.S. each met the definition in 42 Pa.C.S. § 6302, of "Dependent Child" (10), as the termination of Father's parental rights pursuant to 23 Pa.C.S. § 2511 was not within three years immediately preceding the dates of birth of these children?

2. Did the [t]rial [c]ourt abuse it discretion in admitting evidence of Father's[] prior bad acts and other wrongs to allow the Agency to prove that Father acted in accordance with the character or trait of neglect of children?

3. Did the [t]rial [c]ourt err in finding that the Westmoreland County Children's Bureau made Reasonable Efforts to prevent the removal of the five (5) children from the Father's home?

Father's brief at 4.

Mother's and Father's issues are essentially comparable and a single opinion provided by the trial court sets forth its response to both parents' issues on appeal. However, in Father's first issue he adds an argument involving subsection (10) of the definition of a "Dependent Child," which he

did not include in his Pa.R.A.P. 1925(a)(2)(i) statement. Nor did he indicate where in the record he raised this issue with the trial court. Thus, Father waived that portion of his first issue. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement … are waived."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Notably, the trial court specifically acknowledged that Father raised his first issue in conjunction with subsection (1) of the definition of a "Dependent Child." **See** 23 Pa.C.S. § 6302(1). Father made no reference to subsection (10). Thus, it is evident that both parents are raising the same issues.

> Our scope and standard of review in dependency cases is as follows:
>
> We must accept the facts as found by the trial court unless they are not supported by the record. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate. We review for abuse of discretion. Our scope of review, accordingly, is of the broadest possible nature. It is this Court's responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record. Nevertheless, we accord great weight to the court's fact-finding function because the court is in the best position to observe and rule on the credibility of the parties and witnesses.

*In the Interest of A.N.*, 39 A.3d 326, 330 (Pa. Super. 2012) (quoting *In re C.M.T.*, 861 A.2d 348, 351 (Pa. Super. 2004) (citations omitted)). "The burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that

statutory definition of dependency." *In re G., T.*, 845 A.2d 870, 872 (Pa. Super. 2004). Moreover, "the dependency of a child is not determined 'as to' a particular person, but rather must be based upon two findings by the trial court: whether the child is currently lacking proper care and control, and whether such care and control is immediately available." *In re J.C.*, 5 A.3d 284, 289 (Pa. Super. 2010).

The trial court directly addressed the three issues raised by the parties, providing facts testified to by various witnesses. We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough, well-written opinion authored by the Honorable Justin M. Walsh of the Court of Common Pleas of Westmoreland County, dated November 9, 2022. We conclude that Judge Walsh's opinion accurately disposes of the issues presented by Mother and Father on appeal, and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Walsh's opinion as our own and affirm the September 7, 2022 orders on that basis.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2023

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, COMMONWEALTH OF PENNSYLVANIA**

**JUVENILE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Z.S., a minor | ) | No. CP-65-DP-69-2016 |
| | ) | |
| D.S., a minor | ) | No. CP-65-DP-70-2016 |
| | ) | |
| D.S., a minor | ) | No. CP-65-DP-142-2020 |
| | ) | |
| J.S., a minor | ) | No. CP-65-DP-143-2020 |
| | ) | |
| R.S., a minor | ) | No. CP-65-DP-88-2022 |
| | ) | |
| | ) | |

**PURSUANT TO PA. RULE OF APPELLATE PROCEDURE 1925(A)**
**ORDER OF COURT**

This matter came before the Court as a dependency action initiated by the Westmoreland County Children's Bureau (hereinafter "WCCB"). The findings of fact relevant to the issues on appeal are contained within the Order of Adjudication and Disposition, dated August 26, 2022.

Initially, the WCCB filed an application for shelter care for the minor children, Z.S., D.S., D.S. (hereinafter "DZ.S."), J.S., and R.S., on July 27, 2022. These minor children are all the biological children of Appellant C.S. (hereinafter "Father") and Appellant T.S. (hereinafter "Mother"). Following the service of the application for shelter care, Mother and Father exercised their right to have the dependency matter heard by a judge, and a hearing was scheduled before the Court on August 1, 2022. When shelter care was granted by the Court, an adjudication and disposition hearing was then scheduled within ten (10) days, on August 10, 2022. Testimony from a total of twelve (12) witnesses was taken by the Court on August 10 and 26, 2022. Following the close of testimony on August 26, 2022, the Court announced that he was reaching a finding of

1

dependency as to all children and that they were to remain in their placement as recommended by the WCCB.

Appellants raise three issues for consideration on appeal: first, whether sufficient evidence was produced to reach a finding of dependency under 23 Pa.C.S.A. § 6302(1); second, whether the Court committed reversible error by admitting evidence of a past finding of abuse reached by the Armstrong County Children and Youth Services (CYS) agency as pertaining to Father and Mother; and third, whether the Court erred that the Westmoreland County Children's Bureau made reasonable efforts to prevent the removal of the children from the home of Mother and Father. The following analysis will consider each of these arguments individually.

## I.    Clear and Convincing Evidence to Support Findings of Fact

The first issue raised addresses whether clear and convincing evidence existed to support a finding of dependency under Subsection 1 of the Juvenile Act, 23. Pa.C.S.A. § 6302(1). The Superior Court has a broad standard of review in dependency matters; however, great weight is accorded to the findings of fact reached by the trial judge, so long as they are supported by competent evidence. *In re D.A.*, 2002 Pa. Super. 184, 801 A.2d 614, 617-18 (2002).

During the two-day adjudication hearing, the Court received testimony from a number of different witnesses to give the Court a more complete look at the family issues and the services offered to address those issues. Athena Sypot of Armstrong County CYS testified regarding the past and present interactions between her agency and the ▓▓▓ family, including a past indicated report for a lack of supervision in 2015. At that time, the parents' oldest child Z.S. was reported to be running naked on the roof of their residence. In the same vain, Melissa Heming of the Children's

2

Institute testified that she was assigned to work with the family after D.S. reportedly ingested CBD "gummies" and needed medical assistance. This resulted in a child protective service (CPS) referral to the WCCB for a lack of supervision for the parents, but the incident was closed as being unfounded at the conclusion of the WCCB investigation, as no evidence was able to be obtained as to what took place. Ms. Jade Bottell, a neighbor of the family while they resided in Vandergrift, Pennsylvania, testified that she witnessed one of the young children pushing a stroller with a sibling seated in it, onto a set of train tracks with an oncoming train sounding. Ms. Bottell reported that no adult was visible until after an older child came to assist in moving the stroller.

Dr. Patrick Marchand, who is the principal at Z.S. and DZ.S.'s elementary school, testified that both children were either tardy or absent on more than 100 days of the 2021-22 school year. With both children having individualized educational plans, Dr. Marchand testified that attendance is extremely important for academic success. When school officials asked Mother and Father to explain why the children were not attending school on time and regularly, the parents stated that the children would argue with them about wanting to go to school. Z.S. reportedly told the school officials that he and his sister were up and ready, but that the parents did not wake up in time to get them to school. Dr. Marchand indicated that the school offered busing for the children to ensure their on-time attendance, but the parents refused this service. The school also offered additional support for the family in the form of clothing, meals and hygiene products, based upon observations of the children when they were in school. Lastly, Dr. Marchand explained that DZ.S. underwent an assessment with the Student Assistance Program, which would allow for a school-based therapist to work with her. DZ.S. was not able to take advantage of this service due to a lack of follow through by Mother and Father.

3

The minor children were at the relevant time residing with Mother and Father. The physical location of the family changed several times, as housing has been a challenge for them as well. According to Dr. Marchand, the family met the school district's definition of "homeless" and therefore would qualify for transportation to the school no matter where they physically were located. Caseworker Melissa Lofts stated that the WCCB made a referral to the Children's Institute to help address housing with the family. As of the final day of testimony, Ms. Lofts indicated that the family was on the list for housing assistance through Armstrong County, but that they would be expected to pay back rent owed to their previous landlord before they would qualify for housing assistance.

For the foregoing reasons, this Court's finding of clear and convincing evidence of abuse by Father and Mother is adequately supported by facts contained within the record. Therefore, Appellants' first argument should not be sustained.

## II. *Evidence of Prior Bad Acts Admitted*

Appellants' second argument is that this Court erred by admitting evidence of prior bad acts and other wrongs during the course of adjudication hearing. Mother and Father contend that this evidence should have been excluded under Rule 404 of the Pennsylvania Rules of Evidence. Specifically, Rule 404 excludes evidence of a party's crime, wrong or act if it is offered to prove that the individual acted in accordance with the character associated with that crime, wrong or act on a particular occasion. Rule 404 goes on to state that such evidence of a crime, wrong or act may be admissible for another purpose, such as proving knowledge, absence of mistake or lack of accident.

4

Appellants contend that the admission of an indicated status for failure to supervise a child, issued by Armstrong County CYS, should have been excluded as evidence of a prior bad act. The Court admitted this finding into evidence.

The Court contends that evidence of this indicated status against both Mother and Father is relevant to show the absence of a mistake and a lack of accident as to their treatment of the children, as well as their knowledge of the process within the dependency system. Consideration of this evidence for this limited purpose is not improper by the Court. Even if it were improperly admitted evidence, consideration of this evidence only had a *de minimis* contribution to the Court's finding of dependency. As discussed above, the testimony summarized above is more than sufficient to establish by clear and convincing evidence that a lack of parental care and control exists. Additionally, the evidence of a prior involuntary termination of parental rights in Allegheny County, Pennsylvania would be sufficient grounds to find the children dependent under 42 Pa.C.S.A. § 6302(10).

For all of these reasons, Appellants' second argument falls flat and should not be sustained.

III.    *Reasonable Efforts to Prevent Placement*

Appellants' last argument is that this Court erred by finding that the WCCB made reasonable efforts to prevent the removal of the children from the home of Mother and Father. Under the Juvenile Act, the Court is obligated to make such a factual determination when a child is removed from his or her home. 42 Pa. C.S.A. § 6351(b). In making this determination, the Court must look at both the circumstances of the family as well as the services offered prior to removal of the child.

5

The WCCB has a long history of interacting with Mother and Father, as well as all of the children subject to this appeal. Additionally, Mother has an older child who has recently been placed in the care of a permanent legal custodian following a lengthy dependency matter in Westmoreland County. In essence, services have been offered to this family by the WCCB for a number of years. More often than not, Mother and Father have taken an obstinate position when being approached by the WCCB, refusing to allow caseworkers to assess their home for safety, refusing to participate in drug screens, and refusing to participate in parenting services. In fact, the WCCB brought a motion to compel cooperation against the family in 2020, attempting to gain access to the family home to assess it for safety. Following a hearing on that motion, the Court denied the WCCB's requests, as it could not point to a present circumstance that would justify an order permitting entry.

Following the adjudication hearing, Mother and Father filed a motion, requesting that this matter be transferred to Armstrong County so that the Armstrong County CYS could service the family. The Court ultimately denied the motion after a full hearing, allowing the WCCB to continue to offer services to the family.

At the adjudication hearing, based upon the evidence presented, the Court found that the children lacked parental care and control in a number of ways, including: J.S. pushing R.S. in a stroller on train tracks without parental supervision as a train approached until such time as the older sibling D.S. assisted in removing the stroller; the older D.S. ingesting "gummies" which contained adult dosages of CBD; and Z.S. and DZ.S. not attending school regularly and on time. Each of these instances indicate the need for parenting, drug and alcohol services, home safety checks, and mental health services for the family. All of these services have been offered to the family prior to the removal of the children.

6

For all of the foregoing reasons, the finding of reasonable efforts to prevent removal should be upheld.

BY THE COURT:

_____, J.
JUDGE JUSTIN M. WALSH

ATTEST:

_____
Clerk of Orphans' Court

cc:    Christopher Skovira, Esq. – Counsel for Appellant Tiffany Stiffy
       Judith Ciszek, Esq. – Counsel for Appellant Christopher Stiffy -
       Mary Ann Grec, Esq. – Counsel for Appellee Westmoreland County Children's Bureau
       Patricia Elliott-Rentler, Esq. – Guardian *ad Litem*
       Court Administration